# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KLINGER,<br><br>                    Petitioner,<br>   v.<br>DERRAL ADAMS, Warden,<br><br>                    Respondent. | Civil No. 04cv2119 J (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR COA [Doc. No. 32];**<br><br>**(2) STRIKING PETITIONER'S SECOND NOTICE OF APPEAL [Doc. No. 29]; and**<br><br>**(3) DISMISSING AS MOOT PETITIONER'S MOTION FOR ENLARGEMENT OF TIME [Doc. No. 30]** |

On May 11, 2006, this Court issued an Order adopting Magistrate Judge Nita L. Stormes' Report and Recommendation ("R&R") and denying Petitioner James Klinger's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). [Doc. Nos. 27, 1.] On June 14, 2006, Petitioner filed a Notice of Appeal.[1] [Doc. No. 28.] On June 26, 2006, Petitioner filed a Motion for Enlargement of Time; on that same day, Petitioner also filed a Motion for a Certificate of

---

[1] On June 15, 2006, Petitioner filed a second Notice of Appeal. [Doc. No. 29.] Because this Court already received Petitioner's first Notice of Appeal, this second notice is unnecessary. Accordingly, the Court **STRIKES** from the docket Petitioner's second Notice of Appeal. [Doc. No. 29.]

Appealability ("COA"). [Doc. Nos. 30, 32.]  Because this Court received Petitioner's COA on the same day Petitioner filed the Motion for Enlargement of Time, this Court **DISMISSES as moot** Petitioner's Motion for Enlargement of Time.  For the reasons set forth below, the Court also **DENIES** Petitioner's Motion for a COA.

### *Legal Standard*

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a habeas petition unless she or he obtains a COA from a district or circuit judge.  *See* 28 U.S.C. § 2253(c)(1)(A) (2006); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue a COA under the AEDPA).  In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted.  *See Asrar*, 116 F.3d at 1270.

A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2) (2006).  If a habeas petition has been denied on the merits, the Supreme Court has stated, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[2]  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### *Discussion*

In its Order denying the Petition, this Court rejected Petitioner's Petition on the merits. (*See* Order Denying Pet at 8, 9, 11.)  In his COA, Petitioner asks the Court to review the following issues: (1) that the California Court of Appeal violated Petitioner's Fourteenth Amendment due process rights when it refused to order specific performance of the original plea

---

[2] In contrast, if the habeas petition has been denied on procedural grounds, the Supreme Court has determined the petitioner must instead overcome two hurdles to obtain a COA.  *See Slack*, 529 U.S. at 484-85.  The petitioner must first show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and second show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

agreement; and (2) that Petitioner's counsel violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights when he turned over an incriminating videotape to the prosecutor. (*See* Pet'r's COA at 2.)

In his COA, Petitioner cites to *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000), to argue that this Court and the Magistrate Judge's decisions contradict federal law. (*See* Pet'r's COA at 1.) However, Petitioner's argument fails because he does not explain how this citation shows that the denial of his Petition was erroneous. Moreover, this citation is irrelevant to the case at hand becaue it is to a concurring opinion, in which Justice O'Conner criticizes Justice Stevens' interpretation in the majority opinion of the words "contrary to" and "unreasonable application" under 28 U.S.C. § 2254(d)(1). *See Williams,* 529 U.S. at 404-05. This citation does not show that the Court or the Magistrate Judge's decisions contradict federal law.

Petitioner also contends that the "legal and factual misinterpretation by the District Court and Magistrate is disputable within the meaning of *Slack v. McDaniel,* 529 U.S. 473 (2000)." (*See* Pet'r's COA at 1.) This argument also fails because Petitioner does not elaborate on his argument or cite to a particular passage in *Slack* to support his proposition. *Slack* concerns when and how a habeas prisoner should apply for a certificate of appealability. *See Slack,* 529 U.S. at 481. While Petitioner and this Court agree that the *Slack* standard applies to the instance case, the application of this standard to a motion for a COA does not support the argument that Petitioner was denied a constitutional right.

In his COA, Petitioner contends that the California Court of Appeal's refusal to order specific performance of his plea agreement violated his Fourteenth Amendment due process rights. (*See* Pet'r's COA at 2.) However, Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Because specific enforcement of the original plea agreement is not constitutionally required, this Court correctly found that the refusal to order specific performance does not amount to a due process violation. (*See* Order Denying Pet. at 6-7) (citing *Marby v. Johnson,* 467 U.S. 504, 511 n.11 (1984)) (holding that specific performance of a plea agreement is not constitutionally required)).

The Court also correctly rejected Petitioner's related claim that he detrimentally relied on the prosecutor's promise to recommend a lighter sentence in exchange for Petitioner turning over a videotape. (*See* Order Denying Pet. at 7.) Petitioner claims that he gave the videotape to the prosecution, but the prosecution's subsequent disavowal of the plea agreement violated his rights to due process. (*See id.*) However, the record does not support his claim. Petitioner's counsel did not provide the prosecution with the videotape until after Petitioner had withdrawn his guilty plea. (*See id.*) As a result, Petitioner could not have detrimentally relied on the plea agreement.

Petitioner next asserts that his counsel violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights when Petitioner's counsel turned over the incriminating videotape to prosecutors. Again, Petitioner does not show how "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. The Court correctly found that for the admission of a videotape to violate a defendant's Fifth Amendment right against self-incrimination, the defendant must show that the videotape is testimonial in nature and that it was obtained by compulsion from the defendant. (*See* Order Denying Pet. at 10) (citing *Schmerber v. California,* 384 U.S. 757, 761 (1966) (holding that the Fifth Amendment protects the accused from being compelled to testify)). *See also Fisher v. United States,* 425 U.S. 391, 398-399 (1976) (holding there was no compulsion when defendants' attorneys, rather than defendants themselves, relinquished incriminating documents). The Court properly applied this rule to hold that Petitioner's Fifth Amendment rights were not violated because the videotape was not testimonial in nature and was obtained from Petitioner's attorney, rather than from Petitioner. (*See* Order Denying Pet. at 10.) Furthermore, Petitioner's Sixth Amendment right to effective assistance of counsel was not violated because Petitioner did not demonstrate how his "counsel's representation fell below an objective standard of reasonableness" when the trial court compelled counsel to turn over the evidence. (*See* Order Denying Pet. at 9) (citing *Strickland v. Washington,* 466 U.S. 668, 688 (1984)). Finally, as stated above, Petitioner's Fourteenth Amendment due process rights were not violated. Accordingly, this Court **DENIES** Petitioner's Motion for COA because Petitioner has not

demonstrated that reasonable jurists would find the district court's assessment debatable or wrong.  *See Slack,* 529 U.S. at 484.

### *Conclusion*

For the foregoing reasons, this Court **STRIKES** Petitioner's second Notice of Appeal, **DISMISSES AS MOOT** Petitioner's Motion for Enlargement of Time, and **DENIES** Petitioner's Motion for a COA.

**IT IS SO ORDERED.**

DATED:  September 25, 2006

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Nita L. Stormes
     All Parties
     Clerk of Court Samuel Hamrick